UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO JOHNSON,

       Plaintiff,                                Case Number 2:17-cv-11099

v.                                              Honorable Victoria A. Roberts

CITY OF DETROIT, et al.,

       Defendants.
_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Lorenzo Johnson, a state inmate incarcerated at the Marquette Branch Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Johnson is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

### I. Background

A jury convicted Johnson on August 5, 2014, for possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b(1).[1] Johnson claims that the defendants, six named Detroit Police Officers, the Detroit Police Department, and the City of Detroit, violated his Fourth Amendment rights during a warrantless search of his home. The search resulted in the discovery of two firearms, leading to his prosecution and conviction. Johnson raised the same Fourth Amendment challenges he raises in his current complaint in his appeal of right.

---

[1] The Court obtained the information about Plaintiff's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice. See *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

The Michigan Court of Appeals rejected his claims. *People v. Johnson*, No. 323312, 2016 WL 191996, *1-4 (Mich. Ct. App. Jan. 14, 2016) (unpublished). He also filed a federal habeas case challenging his conviction on Fourth Amendment grounds which was denied by the Court. See *Johnson v. Harry*, No. 16-12405 (E.D.Mich. Oct. 19, 2016).

## II. Standard

Civil rights complaints filed by pro se prisoners are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. Discussion

Johnson alleges that defendants violated his Fourth Amendment rights during the search of his home which resulted in the discovery of firearms leading to his convictions.

Under the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief if a ruling on his claims would render a conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Johnson prevailed on his claim concerning the validity of the search and seizure of the firearms that led to his prosecution, his convictions and continued confinement would be called into question. Consequently, his claims are barred by *Heck* and must be dismissed.

Finally, Fourth Amendment claims do not provide an exception to *Heck.* The Sixth Circuit observed that *Heck* "plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Johnson cannot argue that *Heck* does not apply to his claims.

IV. Conclusion

Johnson's action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Finally, this dismissal constitutes a "strike" as described by 28 U.S.C. § 1915(g).

**SO ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Court

Dated: May 10, 2017